UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANAYELL NIETO ROJAS, | Case No. 4:16-cv-00284-BLW |
| Petitioner, | 4:09-cr-00154-BLW |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER |
| Respondent. | |

## INTRODUCTION

Pending before the Court is Petitioner's Amended Motion to Vacate/Set Aside/Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 13; Crim. Dkt. 186)[1] and the Government's Response (Civ. Dkt. 14). Also pending before the Court is Petitioner's Request for Appointment of Counsel (Civ. Dkt. 2). Having reviewed the filings, the Court will deny the motion and dismiss this action.

## BACKGROUND

Petitioner Rojas pleaded guilty on August 25, 2010 to one count of conspiracy to possess with intent to distribute fifty grams or more of actual methamphetamine, in

---

[1] Petitioner filed her initial motion on June 19, 2016. *See Amended Motion* at 7, Civ. Dkt. 13. On June 21, 2016 Petitioner filed a request for certificate of appealability with the Ninth Circuit. *See id.* at 1. The Ninth Circuit denied her request as unnecessary because her petition was still pending before this Court. *See Notice of Order*, Civ. Dkt. 12. The Circuit Court therefore transferred the application to this Court to be processed as a motion to amend the pending § 2255 motion. The Court will consider the application and the initial motion as single amended motion under § 2255.

violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and one count of attempted escape from custody in violation of 18 U.S.C. § 751(a). *See Third Superseding Indictment*, Crim. Dkt. 58; *Plea Agreement*, Crim. Dkt. 112; *Minute Entry for Change of Plea Hearing*, Crim. Dkt. 120. Defendant was convicted on both counts on January 14, 2011. *See Judgment*, Crim. Dkt. 150. The Court calculated the Defendant's base offense level as 32 under the United States Sentencing Guidelines Manual § 2D1.1, and the total offense level as 36. *See Statement of Reasons*, Crim. Dkt. 185. The Court later amended the calculation of the total offense level,pursuant to a joint motion by the parties. *Id.*

Petitioner alleges that her sentence was "enhanced upward by two levels for being in possession of a firearm in violation of 18 U.S.C. Section 924(c)." *See Amended Motion* at 7, Dkt. 13. Petitioner further alleges that her conviction for conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and 841(a)(1) constituted a "crime of violence" for the purposes of the enhancement. *Id.* Petitioner argues that in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), the definition of a "crime of violence" in § 924(c)(3) is unconstitutionally vague, and thus her enhancement under 924(c) should be vacated. Because Petitioner was not convicted of a "crime of violence" under 924(c), the Court will deny her § 2255 motion and dismiss the case.

## ANALYSIS

Petitioner was convicted of conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Section 841(a)(1) prohibits the knowing or intentional distribution of a controlled substance, and

Section 841(b)(1)(A) imposes a mandatory minimum term of 10 years for distribution of 50 grams or more of methamphetamine in violation of 841(a)(1). *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Section 846 states that persons convicted of conspiracy to distribute under § 841(a)(1) or (b)(1)(A) shall be subject to the same penalties as those prescribed for actual distribution. *See id.* § 846. Petitioner was also convicted of attempted escape from custody in violation of 18 U.S.C. § 751(a), which imposes a sentence of not more than five years for attempted escape from custody. 18 U.S.C. § 751(a). Pursuant to the Sentencing Guidelines § 2D1.1(b)(1), Petitioner's offense level was increased by 2 levels for possession of a firearm during the commission of a crime defined under 21 U.S.C. § 841(b)(1)(A). *See Gov.'s Response* at 5, Civ. Dkt. 14.

Petitioner was not convicted of a crime under 924(c), and none of her crimes of conviction include or refer to "crimes of violence" as defined in 924(c)(3) or otherwise. Nor did Petitioner receive a sentencing enhancement for the conviction or commission of a "crime of violence," as defined in 924(c)(3) or otherwise. Thus, neither the constitutionality of § 924(c)(3), nor of the definition of "crimes of violence," has any bearing on Petitioner's conviction or sentence.

Petitioner brings the instant motion solely on the grounds that her sentence enhancement should be struck down because § 924(c) is unconstitutional. Because § 924(c) is inapplicable here, Petitioner has not alleged any grounds upon which her conviction or sentence should be vacated, set aside, or corrected. Therefore, the Court will deny her §2255 motion and dismiss this case. Accordingly,

**IT IS ORDERED:**

1.    Petitioner's Amended Motion to Vacate/Set Aside/Correct Sentence

      pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 13; Crim. Dkt. 186) is **DENIED**.

2.    Petitioner's Request for Appointment of Counsel (Civ. Dkt. 2) is **DENIED**

      as moot.

3.    This case is **DISMISSED**.

4.    The Court shall issue a separate Judgment as required by Rule 58(a).


DATED: May 3, 2018

B. Lynn Winmill
Chief U.S. District Court Judge