UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANAYELL NIETO-ROJAS,<br><br>Defendant. | Civ. Case No. 4:16-cv-00284-E-BLW<br>Crim. Case No. 4:09-cr-00154-E-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it Anayell Nieto-Rojas' ("Nieto"[1]) Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(2). Crim. Dkt. 196. For the following reasons, Nieto's Motion is hereby **DENIED**.

**BACKGROUND**

Nieto pleaded guilty on August 25, 2010 to one count of conspiracy to possess with intent to distribute fifty grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and one count of attempted escape from custody in violation of 18 U.S.C. § 751(a). *See Third Superseding Indictment*, Crim. Dkt. 58; Plea Agreement, Crim. Dkt. 112; *Minute Entry for Change of Plea Hearing*, Crim.

---

[1] Ms. Nieto-Rojas uses this abbreviation in her motion. The Court will do the same.

Dkt. 120. Defendant was sentenced on both counts on January 14, 2011. *See Judgment*, Crim. Dkt. 150. The Court calculated the Defendant's base offense level as 32 under the United States Sentencing Guidelines Manual § 2D1.1, and the total offense level as 36. *See Statement of Reasons*, Crim. Dkt. 185. The Court later amended the calculation of the total offense level, pursuant to a joint motion by the parties. *Id.*

Nieto subsequently filed an Amended Motion to Vacate/Set Aside/Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 13; Crim. Dkt. 186). Nieto's § 2255 motion alleged that her sentence was "enhanced upward by two levels for being in possession of a firearm in violation of 18 U.S.C. Section 924(c)." *See Amended Motion* at 7, Dkt. 13. She further alleged that her conviction for conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846 and 841(a)(1) constituted a "crime of violence" for the purposes of the enhancement. *Id.* Nieto argued that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the definition of a "crime of violence" in § 924(c)(3) was unconstitutionally vague, and thus her enhancement under 924(c) should be vacated. Because Petitioner was not convicted of a "crime of violence" under 924(c), the Court denied Nieto's § 2255 motion and dismissed her case. Crim. Dkt. 194; Civ. Dkt. 15).

## ANALYSIS

Nieto's latest Motion seeks relief under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) states that a Court that has imposed a sentence may modify that sentence "in

the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that … [is] subsequently … lowered by the Sentencing Commission."

Nieto's Motion fails because it does not identify a sentencing range applicable to her conduct that has been lowered by the Sentencing Commission after the Court imposed a reduced sentence on July 29, 2015. Crim. Dkt. 184. The Court has conducted its own inquiry into this issue and has also failed to identify any change in the Sentencing Guideline ranges that would effect Nieto's sentence. *Cf. Rand v. Rowland*, 154 F.3d 952 (9th Circuit 1998) (encouraging courts to be solicitous towards prisoners who are proceeding *pro se*). Therefore, the Court must deny Nieto's motion because it lacks any authority under § 3582(c)(2) to adjust Nieto's sentence. *United States v. McGee*, F.3d 1287 (10th Cir. 2010) (denial of defendants' motions to reduce their sentences were appropriate when the district court lacked authority under § 3582(c)(2) to review the sentences).

## ORDER

In accordance with the Memorandum Decision above, it is hereby ORDERED that:

1. Nieto's Motion for Sentence Reduction under 18 U.S.C. 3582(c)(2) (Crim. Dkt. 196) is **DENIED**.

DATED: November 29, 2018

B. Lynn Winmill
Chief U.S. District Court Judge